**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 07-29 |
| | : | |
| SHEAR NOBLES | : | |

<u>**MEMORANDUM OPINION**</u>

Savage, J.                                                                                   **March 17, 2015**

In his motion under 28 U.S.C. § 2255, as he did in his appeal to the Third Circuit Court of Appeals, Shear Nobles challenges the mandatory fifteen-year minimum sentence imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He argues that he is entitled to relief under the new rules announced in *United States v. Alleyne*, 133 S. Ct. 2151 (2013), and *United States v. Descamps*, 133 S. Ct. 2276 (2013). Specifically, he contends that under *Descamps*, his prior burglary conviction was not a "violent felony" as defined in the ACCA. Relying on *Alleyne*, he argues that before the prior burglary conviction qualified as a predicate offense, it had to have been determined by a jury beyond a reasonable doubt.

The defendant's motion is both untimely and meritless. *Alleyne* and *Descamps* do not apply retroactively to cases on collateral review. Furthermore, even if *Alleyne* and *Descamps* did apply retroactively, they would not afford Nobles relief. Accordingly, his motion will be denied.

Nobles was sentenced on October 2, 2007. His timely appeal was denied and his judgment of conviction was affirmed by the Third Circuit Court of Appeals on March 27, 2009. He did not petition the Supreme Court for *certiorari*. More than five years later, on June 17, 2014, he filed a motion in the Third Circuit seeking permission to file a

second or successive § 2255 petition.  The Third Circuit determined that permission was unnecessary because he had not filed a prior § 2255 motion.  It transferred the motion to the district court "to be treated as a § 2255 motion filed on June 12, 2014."[1]

Generally, an application under § 2255 must be filed within one year of the date the conviction becomes final.  28 U.S.C. § 2255(f)(1).  The one year period begins to run when the time for filing a petition for *certiorari* expires.  *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).  Nobles' conviction became final on June 25, 2009, ninety days after final judgment.  He had one year from that date to file his § 2255 motion.  He did not file it until June 12, 2014.

Nobles contends his motion is timely because it was filed within one year of the Supreme Court's decisions in *Alleyne* and *Descamps*.  He implicitly relies upon 28 U.S.C. § 2255(f)(3), which provides that the one-year limitation period starts to run on the date the Supreme Court recognizes a new right that is "made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  His reliance is misplaced.

The Supreme Court has not held that *Alleyne* and *Descamps* apply retroactively. The Third Circuit has specifically held that *Alleyne* does not apply retroactively.  *United States v. Reyes*, 755 F.3d 210, 213 (3d Cir. 2014).  It has not yet addressed the retroactive effect of *Descamps* to cases on collateral review.  Courts that have decided the issue have found that it is not retroactive.  *United States v. Burton*, 99-109, 2014 WL 7369833 at *4 (E.D. Pa. Dec. 29, 2014) (citing district courts holding *Descamps* does not apply retroactively); *U.S. v. Wolf*, No. 04-347, 2014 WL 3339601, at *2 (M.D. Pa. July 8, 2014) (citing *Groves v. United States*, 755 F.3d 588 (7th Cir. 2014)); *U.S. v.*

---

[1] USCA Order (Doc. No. 70).

*Wilson*, No. 06-0097, 2014 WL 3339623, at *2 (W.D. Pa. July 8, 2014).  No court has concluded that *Descamps* is retroactive.  Thus, because there was no retroactively applicable new right to restart the running of a new one-year limitation period, Nobles' motion is untimely.

In any event, *Alleyne* has no application to this case.  Determinations regarding the fact and nature of a prior conviction for purposes of increasing a maximum or minimum sentence are made by a judge and not a jury.  *United States v. Blair*, 734 F.3d 218, 226-28 (3d Cir. 2013).  As the Third Circuit stated in *Blair*, "*Descamps* and *Alleyne* do nothing to restrict the established exception under *Almendarez-Torres* that allows judges to consider prior convictions."  *Id.* at 227.[2]  Earlier, in *Almendarez-Torres v. United State*s, 523 U.S. 224 (1997), the Supreme Court concluded that the fact of a prior conviction is not an element to be proved beyond a reasonable doubt.  *Almendarez-Torres*, 523 U.S. at 226-27.

Likewise, even if *Descamps* applied retroactively, the motion would still fail.  The *Descamps* holding does not afford relief in these circumstances.  Nobles' burglary conviction qualified as a predicate "violent felony" as defined in the ACCA.

To determine whether a prior conviction qualifies under the ACCA, the sentencing court must compare the statutory elements of the offense of conviction with the elements of the generic offense.  *Descamps*, 133 S. Ct. at 2281.  Where the statute under which the defendant was previously convicted provides for alternative bases for

---

[2] "[F]or ACCA purposes, district courts may determine both the existence of prior convictions and the factual nature of those convictions . . ."  *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013) (citations omitted); *see also United States v. Washington*, 629 F.3d 403, 410-11 (4th Cir. 2011) (finding "[t]here is simply no Sixth Amendment or due process violation in judges finding facts about the nature of a prior conviction by a preponderance of the evidence, provided, however, they stay within *Shepard's* bounds."); *United States v. Haire*, 213 F. App'x 324, 325 (5th Cir. 2007) (holding "additional facts and nature of the prior convictions did not require a finding by a jury beyond a reasonable doubt.") (citations omitted).

conviction, it is deemed "divisible". *Id.* Stated differently, a divisible statute defines the offense in alternative ways, each setting out different elements. If the elements of one alternative differ from the elements of the generic offense and those of another alternative are the same as the generic offense, the sentencing court must determine under which alternative the defendant was convicted. *Id.* In doing so, it may consult "a limited class of documents, such as indictments and jury instructions . . ." *Id.* The sentencing court then compares the elements of that offense with the generic offense. *Id.* Only if the elements of the prior conviction are the same or narrower than the generic offense does it qualify as an ACCA predicate offense.

For purposes of applying the ACCA sentencing enhancement, burglary means generic burglary which is defined as the "unlawful or unprivileged entry, into, or remaining in, a building or structure, with intent to commit a crime.*" Id.* at 2283 (quoting *Taylor v. United States*, 495 U.S. 575, 599 (1990)).

Nobles had been convicted in Pennsylvania state court of burglary of a building that was not adapted for overnight accommodation or occupied at the time of the burglary. 18 Pa. C.S.A. § 3502(a)(4). The offense was, as defined by the Pennsylvania statute, a burglary of the second degree. *Id.* § 3502(c).

The Pennsylvania burglary statute is broader than the generic definition of burglary. The statute provides for alternative bases for convictions. It includes offenses that are not within the generic definition of burglary. Consequently, it is a divisible statute. *United States v. Bennett*, 100 F. 3d 1105, 1110 (3d Cir. 1996). The statute is broader than generic burglary because it allows for conviction for unlawfully entering either a building or an occupied structure. An "occupied structure" is broader than a

"building."  It includes unlawful entry of "any place adapted for carrying on business."  18 Pa. C. S. A. § 3501.  Thus, a sentencing court may look to judicial documents to determine whether the defendant's burglary conviction was for a crime that included all the elements of generic burglary, qualifying it as a violent felony as defined in ACCA.

*Descamps* does not apply where the burglary statute is divisible.  *Descamps* held that the sentencing court may not consult other judicial documents where the predicate conviction was for a crime that "has a single, indivisible set of elements."  *Id.* at 2282. Thus, it was proper to consider the judicial documents related to the defendant's state court conviction of burglary in determining whether the ACCA sentencing enhancement applied to Nobles.  *See Shepard v. United States*, 544 U.S. 13, 25-26 (2005).

No objection to the enhancement was made at the sentencing hearing.  Indeed, there was no basis for making such an objection.  A review of the defendant's plea colloquy in state court reveals that he was convicted of a burglary of a building, not a structure.  He was found guilty of an alternative that fit the generic definition of burglary for ACCA purposes.  Therefore, as the Third Circuit has already held, there was no error in sentencing the defendant as an armed career criminal.

## Conclusion

The defendant's § 2255 motion is both untimely and meritless.  Therefore, we shall deny it.